UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN KARNOSKI, *et al.*,

    Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

    Defendants.

Case No. 18-51013

Honorable Nancy G. Edmunds

**ORDER DENYING MAGISTRATE JUDGE'S ORDER [19] DENYING GOVERNMENT'S JULY 13, 2018 MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL [4]**

This matter comes before the Court on the Government's Objection (Dkt. 20) to the July 13, 2018 Magistrate Judge's Order (Dkt. 19) denying the Government's Motion for Leave to File Opposition to Plaintiffs' Motion to Compel (Dkt. 4). Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, the Court GRANTS Defendants' objection, DENIES the Magistrate Judge's order, and GRANTS Defendants' Motion for Leave to File Opposition to Plaintiffs' Motion to Compel.

**I. STANDARD OF REVIEW**

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a

finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1984) (explaining clearly erroneous standard under Rule 52(a)).

The "clearly erroneous" standard applies only to the magistrate judge's factual findings. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (Borman, J.) (citations omitted). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-74 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (Roberts, J.) (citation omitted). The Court must use independent judgment when reviewing a magistrate judge's legal conclusions. *Id.*

### III. ANALYSIS

The Court agrees with the Government's first objection raised under 28 U.S.C. § 517. This statute allows an officer of the Department of Justice ("DOJ") to intercede in pending cases to protect its interests. "The Solicitor General, or any officer of the [DOJ], may be sent by the Attorney General to any State or district in the United States to attend to the interest of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517

The statute contains no time limitation and does not require the Court's leave. Courts have interpreted 28 U.S.C. § 517 broadly and typically deny motions to strike such statements of interest. *See Gil v. Winn Dixie Stores, Inc.*, 242 F.Supp.3d 1315, 1317 (S.D.Fla. 2017); *Alvery v. Gualtieri*, No. 15-1861, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016); *Ferrand v. Schedler*, No. 11-926, 2012 WL 1247215, at *1-2 (E.D. La. April 13, 2012). *United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 833 n.6 (6th Cir. 2018) ("The legislative branch has created the scheme that gives the executive branch the ability to "attend to the interests of the United States," 28 U.S.C. § 517, as it—not we— may choose.").

The Government cites *Roeder v. Islamic Republic of Iran*, 195 F.Supp.2d 140, 158 (D.D.C. 2002) in support. In that case the plaintiffs' filed a motion to strike the Government's motion to intervene, claiming the Government could only file an *amicus curiae*. However the D.C. Circuit determined that nothing indicated that the United States is limited to filing an amicus brief or precluded from moving to intervene pursuant to Federal Rules of Civil Procedure 24(a). The court stated "[t]he United States clearly has the authority pursuant to 28 U.S.C. § 517 to move to intervene in a case should it believe that its interest are sufficiently implicated, and has done so on countless occasions." *Id.* (citing

3

*Texas v. New Mexico*, 462 U.S. 554, 562 (1983); *Crater Corp. v. Lucent Technologies, Inc.*, 255 F.3d 1361, 1370 (Fed.Cir. 2001)).

Here, the Government has adequately claimed to have an interest in Plaintiff's motion to compel enforcement of its Rule 45 subpoena. Pursuant to 28 U.S.C. § 517 the Government has statutory authority to be heard regarding Plaintiffs' motion. It appears the Government failed to make this argument prior to the Magistrate Judge's findings which resulted in a determination that is contrary to law. The Court corrects that now.

**IV. CONCLUSION**

For the reasons stated above, the Government's objection to the magistrate judge's order is accepted. The Court GRANTS the Government's Motion for Leave to File Opposition to Plaintiffs' Motion to Compel.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlet
Case Manager

4