**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE SUBPOENA OF CENTER FOR
MILITARY READINESS

Misc. Case No. 18-51013
Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth Stafford

---------------------------------------------------------
*Underlying case:*

RYAN KARNOSKI, *et. al.*,

      Plaintiffs,

v.

DONALD J. Trump, in his official capacity
as President of the United States, *et. al.*,

      Defendants.
_____/

United States District Court
Western District of Washington
Civil Action No.: 2:17-cv-01297-
MJP


**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION GRANTING IN PART AND**
**DENYING IN PART PLAINTIFFS' MOTION TO COMPEL [1]**
**AND GRANTING IN PART AND DENYING IN PART**
**NONPARTY CENTER FOR MILITARY READINESS'S**
**MOTION FOR PROTECTIVE ORDER [10]**

This is a nonparty discovery dispute arising out of *Karnoski, et al., v. Trump et. al.*,

Case No 2:17-cv-01297, which is currently pending in the United States District Court for

the Western District of Washington.  In the underlying case, Plaintiffs are challenging the

Trump administration's allegedly unconstitutional policies of prohibiting or disqualifying

transgender individuals from serving in the United States military.[1]  In this Court, Plaintiffs

are seeking documents from a nonparty, the Center for Military Readiness, which

Plaintiffs contend are relevant to their underlying claims.  Specifically, Plaintiffs seek

---
[1] The policy is sometimes referred to by the parties as the "Ban."

documents and communications between CMR and government officials related to the Ban. CMR refuses to voluntarily produce responsive documents to Plaintiffs, which resulted in this discovery dispute.

Pending before the Court is the Magistrate Judge's Report and Recommendation granting in part and denying in part Plaintiffs' motion to compel and granting in part and denying in part CMR's motion for a protective order. (ECF No. 34.) The Magistrate Judge recommends the Court order CMR to comply with Plaintiffs' subpoena, but that the Court narrow the time scope of the subpoena to documents dated June 16, 2015 through March 23, 2018 and narrow the scope of individuals covered by the subpoena.

CMR and the Government raise several objections to the R&R. Plaintiffs oppose their objections. After reviewing the parties' initial briefing, the Court took the R&R and the objections under advisement pending the Ninth Circuit's resolution of potentially related discovery matters in the underlying lawsuit. On June 14, 2019, the Ninth Circuit issued its opinion in *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019). Thereafter, the parties submitted supplemental briefing addressing the Ninth Circuit's opinion as it relates to this nonparty discovery dispute. Having now reviewed the complete record in this matter, including the parties' supplemental submissions, and for the reasons set forth below, the Court **OVERRULES** CMR's objections and the Government's objections, **ACCEPTS and ADOPTS** the Magistrate Judge's R&R, **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to compel, and **GRANTS IN PART** and **DENIES IN PART** CMR's motion for a protective order.

## I.    Standard of Review

The parties dispute the applicable standard of review.  Under Federal Rule of Civil Procedure 72, a district court reviewing objections to an order issued on a non-dispositive matter that was referred to a magistrate judge may "modify or set aside any part of the order that is clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  In contrast, when considering objections to an order issued by a magistrate judge on a dispositive motion, the district court must conduct a *de novo* review of the objected to portions of the magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

Discovery disputes between parties are typically considered non-dispositive and a magistrate judge's order on a motion to compel is typically reviewed by the district court under the clearly erroneous standard. *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (stating that discovery motions are non-dispositive pretrial motions reviewed under the clearly erroneous standard).  CMR and the Government contend, however, that Plaintiffs' motion to compel should be considered a dispositive motion because the dispute over this nonparty subpoena constitutes the "entire proceeding before this Court."[2]  In other words, resolution of the motion to compel is dispositive of CMR's role in the case, and this Court's role in this case, and therefore the motion should be treated as a dispositive motion.  CMR and the Government point to one unpublished opinion from the Eastern District of Michigan[3] and a few unpublished

---

[2] CMR and the Government raise this argument for the first time in their reply briefs in support of their objections to the R&R.

[3] In *Luppino v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *3 (E.D. Mich. Apr. 11, 2013), *report and recommendation adopted*, No. 13-50212, 2013 WL 1844073 (E.D. Mich. Apr. 30, 2013), then-Magistrate Judge Michaelson recommended that a motion to enforce a subpoena against a nonparty be treated as a dispositive motion, and Judge Lawson accepted this recommendation without objection from either party.  In reaching this conclusion, Judge Michaelson relied on an unpublished opinion

opinions from other district courts around the Sixth Circuit to support their position. In addition, the Government notes that the Magistrate Judge issued a "report and recommendation," not an "order and opinion."

The Court finds some merit to CMR's and the Government's interpretation of Rule 72 as it relates to nonparty discovery motions. But their position also raises some concerns. First, the Court referred the motion to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), which applies to non-dispositive motions. Yet, neither CMR nor the Government objected to the referral order. Second, a motion to compel is a non-dispositive motion under the Local Rules for the Eastern District of Michigan, though there is an argument that the Local Rules may not contemplate nonparty discovery proceedings under Rule 45 in defining "dispositive" and "non-dispositive" motions. Finally, there are several examples within the Sixth Circuit and elsewhere of courts treating motions to compel a nonparty's compliance with a Rule 45 subpoena as non-dispositive motions.[4] *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, No. 14-CV-11700, 2017 WL 5664183, at *1 (E.D. Mich. Nov. 27, 2017) (applying clearly erroneous standard to a magistrate judge's order compelling a nonparty's compliance with discovery subpoena); *Anwalt Energy Holdings, LLC v. Falor Companies, Inc.*, No. 2:06-CV-0955, 2008 WL 2268316, at *1 (S.D. Ohio June 2, 2008) (applying clearly erroneous standard to magistrate judge's ruling on a motion to compel compliance with a nonparty subpoena); *NetJets Aviation, Inc. v. NetJets Association of Shared Aircraft Pilots*, No. 2:17-MC-038,

---

from the Northern District of Illinois, which relied on cases discussing administrative law subpoenas, not subpoenas issued under Federal Rule of Civil Procedure 45. *See Hartford Fire Ins. Co. v. Transgroup Exp., Inc.*, No. 09 C 3473, 2009 WL 2916832, at *1 (N.D. Ill. Sept. 1, 2009). The Court is not aware of any published opinion from a district court in this Circuit taking this same approach in connection with a Rule 45 subpoena.

[4] This includes cases extensively cited by CMR. *See, e.g.*, *Tesla Motors, Inc. v. Johnson, et. al.*, Case No. 16-cv-01158, ECF No. 200 (W.D. Michigan, June 06, 2018).

2017 WL 6497104, at *1 (S.D. Ohio Dec. 19, 2017) (same); *3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *2 (S.D. Cal. Oct. 11, 2016) (finding that motion to compel compliance with a subpoena is a non-dispositive motion). *See also Jordan v. Comm'r, Mississippi Dep't of Corr.*, 908 F.3d 1259, 1264 (11th Cir. 2018) (finding that a nonparty's motion to quash a Rule 45 subpoena was a non-dispositive pretrial motion, concluding that the clearly erroneous standard applied to the district court's review, and rejecting arguments similar to those made by CMR and the Government here).

The Sixth Circuit has not expressly addressed this issue. In an abundance of caution, the Court will apply the higher standard of review applicable to dispositive motions.[5] This means the Court performs a *de novo* review of those portions of the Magistrate Judge's R&R to which the CMR and the Government have objected. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the R&R's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004).

---

[5] Because the Court ultimately finds no error in the Magistrate Judge's R&R under the *de novo* standard of review, any prejudice to Plaintiffs in applying this higher standard is harmless. However, the Court notes that it would also overrule CMR's and the Government's objections under the clearly erroneous and contrary to law standard.

## II. Analysis

### A. CMR's Objection No. 1: Whether the Magistrate Judge misapplied the scope of permissible discovery.

#### 1. *Relevance objections*

CMR objects to the Magistrate Judge's finding that the documents and communications sought by Plaintiffs are relevant to the underlying dispute. CMR's relevance objection includes several subparts, each of which is addressed below.

**Relevance Objection Part 1(a)(1): Whether the Magistrate Judge misapplied the relevance standard.**

According to CMR, Plaintiffs were required to prove as a prerequisite to obtaining their requested discovery that CMR's policy positions and communications about the transgender policy with the Trump administration were grounded in animus. CMR argues that "the absence of any finding in the R&R that CMR's policy positions are grounded in animus eliminates any logical connection between CMR's state of mind and the allegedly biased state of mind of President Trump when he changed the policy." (ECF No. 39 at 8.) The Court disagrees.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. As the Magistrate Judge found, Plaintiffs satisfied their relatively low burden to establish that the discovery they seek from CMR is relevant to their claims. Plaintiffs met Rule 26's standard for discovery by demonstrating that CMR communicated with Government decisionmakers about the transgender policy, that those communications may have conveyed animus to

those decisionmakers, and that such communications may make it more probable that the Ban was influenced by discriminatory intent or animus.

Plaintiffs were not required to affirmatively prove that CMR harbored animus towards transgender individuals or that CMR's alleged animus was in fact communicated to Government decision makers. The purpose of the discovery process is, at least in part, to determine whether there is merit to Plaintiffs' allegations. Under CMR's view of relevancy, all litigants would be required to prove the essential elements of their claims before pursuing discovery to obtain the evidence they need to prove their claims. Such a circular standard is not supported by the Federal Rules of Civil Procedure and conflicts with the very purpose of discovery. Indeed, CMR's documents and communications will be equally relevant to this dispute if it turns out that CMR does not harbor animus towards transgender individuals or did not communicate such alleged animus to government decision makers. CMR's first objection is overruled.

**Relevance Objection Part 1(a)(2): Whether CMR's communications are relevant when CMR is not mentioned in Plaintiffs' complaint.**

CMR next argues that the Magistrate Judge erred in finding the requested discovery is relevant because CMR is not mentioned in Plaintiffs' complaint. In other words, according to CMR, a nonparty must be mentioned in the complaint to obtain discovery from that nonparty. The Court is not aware of any rule or authority that requires a party to name every potential witness or potential source of relevant information in its complaint. And the cases cited by CMR do not support its position. This objection is overruled.

**Relevance Objection Part 1(a)(3): Whether the R&R misreads *Trump v. Hawaii* as it applies to the relevance of CMR's communications.**

The Magistrate Judge rejected CMR's argument that the holding of *Trump v. Hawaii*,138 S. Ct. 2392 (2018) deems extrinsic evidence of animus irrelevant to Plaintiffs' claims. CMR argues the Magistrate Judge erred because the Supreme Court in *Hawaii* only found extrinsic evidence could be considered because the Government conceded extrinsic evidence may be relevant to that specific case. According to CMR, because the Government has not made the same concession here, the Magistrate Judge had no basis to find that documents and communications in CMR's possession are relevant to Plaintiffs' claims.

The Court finds no support for CMR's interpretation of *Hawaii* or its application to this case. Addressing whether extrinsic evidence could be considered under the higher deferential standard, the Court stated:

> For our purposes today, we assume that we may look behind the face of the Proclamation to the extent of applying rational basis review. That standard of review considers whether the entry policy is plausibly related to the Government's stated objective to protect the country and improve vetting processes. See *Railroad Retirement Bd. v. Fritz,* 449 U.S. 166, 179, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). As a result, we may consider plaintiffs' extrinsic evidence, but will uphold the policy so long as it can reasonably be understood to result from a justification independent of unconstitutional grounds.

*Trump v. Hawaii*, 138 S. Ct. 2392, 2420 (2018). The Court's discussion of the role of extrinsic evidence is consistent with the Sixth Circuit's reliance on extrinsic evidence in evaluating claims under a rational-basis review. *See, e.g.*, *Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) ("Under this test, a "'plaintiff may demonstrate that the government action lacks a rational basis ... either by negating every conceivable basis

which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.").

Here, as the Magistrate Judge found, Plaintiffs are entitled to discovery into whether the Ban was motived by discriminatory intent, animus, or ill-will under either a strict scrutiny, rational basis, or deferential review. And while the Court agrees with CMR that a party may not be entitled to "wide-ranging" discovery into potential extrinsic evidence of discriminatory animus under a rational basis review, the Court finds Plaintiffs' subpoena and discovery requests are sufficiently narrow as modified by the Magistrate Judge. CMR's objection is overruled.

### 2. Proportionality Objections

CMR objects to the Magistrate Judge's proportionality analysis and her finding that producing the documents and communications sought by Plaintiffs would not pose an undue burden on CMR. CMR's proportionality objection includes several subparts, each of which is addressed below.

**Proportionality Objection Part 1(b)(1): Whether the Magistrate Judge erred in finding the importance of the issues at stake in the litigation favored discovery.**

The Magistrate Judge found that the "issues at stake" factor weighed in favor of allowing the discovery. CMR argues that this was error for two reasons. First, CMR claims the Magistrate Judge incorrectly relied on unsubstantiated statistics in concluding that the outcome of this litigation could impact thousands of individuals. Second, CMR contends the Magistrate Judge overlooks the fact that the underlying action is not a class action—the implication being that because Plaintiffs do not assert class action claims, the litigation is only important to the named Plaintiffs.

CMR's objections are without merit. As the Magistrate Judge points out, the issues in this lawsuit are important even if they vindicate the constitutional rights of only one person. Moreover, the underlying litigation does not need to be a class action to affect others beyond the named Plaintiffs. Plaintiffs are challenging the constitutionality of the Ban on its face. The outcome of this litigation could affect tens, or hundreds, or thousands, or whatever the number may be, of individuals whose constitutional rights have allegedly been violated. The Court agrees with the Magistrate Judge that this factor weighs in favor of production.

**Proportionality Objection Part 1(b)(2): Whether the Magistrate Judge erred in finding the importance of the relative access to the information favored production.**

CMR argues the Magistrate Judge erred in finding this factor weighed in favor of production because Plaintiffs can obtain this same information from an additional source—the Government. The Court disagrees. As the Magistrate Judge found, both CMR and the Government are attempting to avoid their discovery obligations by pointing to each other as the party responsible for producing responsive documents. Moreover, as discussed further *infra*, requiring CMR to produce its own communications and documents is consistent with the objective of limiting the burden of discovery on the Executive Branch. CMR is in possession of responsive and relevant documents. Plaintiffs are not. The Magistrate Judge correctly found that this factor weighed in favor of production.

**Proportionality Objection Part 1(b)(3): Whether the Magistrate Judge erred in finding the burden and expense of discovery favored production.**

The Magistrate Judge concluded that this factor weighed in favor of production because Plaintiffs agreed to bear all of CMR's expenses with no cap. CMR argues that

this is an insufficient basis for evaluating the burden and expense factor because the R&R did not specifically order Plaintiffs to pay CMR's expenses or set out a definitive payment plan, and because there are other burdens to CMR beyond the financial expenses associated with responding to the discovery requests. This objection is overruled. As Plaintiffs correctly point out, CMR cannot insist that it has no responsive and relevant documents in its possession and then complain that the burden of responding to the requested discovery is too large. Based on the record before the Court, there are two possible outcomes here: (1) CMR finds few or no responsive documents in its possession and therefore suffers minimal expense in responding to the subpoena, or (2) CMR is in possession of responsive documents and Plaintiffs will bear the costs of CMR's production of those documents. Either way, the discovery burden on CMR will be minimal. That CMR's sole employee must expend time responding to the subpoena to the detriment of her primary work functions does not render the subpoena overly burdensome or disproportional. All discovery subpoenas require nonparties to respond to discovery requests using time that would otherwise be spent performing other tasks. The Magistrate Judge correctly concluded that this factor weighed in favor of production.

**Proportionality Objection Part 1(b)(4): Whether the Magistrate Judge erred in finding the impact on other nonparties favored production.**

CMR argues the Magistrate Judge failed to adequately consider the privacy rights and expectations of CMR's correspondents. The Court finds no merit in this objection. As Plaintiffs note, communications passing along stories of the personal experiences of CMR's correspondents would not be responsive to the subpoena. Moreover, as Plaintiffs acknowledge, personal or sensitive information can be protected through redactions. But the issue of redacting or protecting personal or private information was not before the

Magistrate Judge as CMR wholly refuses to produce any documents or information. Finally, any confidential or private information is protected from improper use or disclosure by the protective order entered in the underlying litigation. The Magistrate Judge correctly concluded that this factor weighed in favor of production or was at least neutral.

**Proportionality Objection Part 1(b)(5): Whether the Magistrate Judge erred in failing to expressly consider: the parties resources, the importance of the discovery in resolving issues in the case, and CMR's nonparty status.**

CMR argues that the Magistrate Judge erred by failing to consider some of the additional factors courts typically consider in analyzing the proportionality and scope of requested discovery. Specifically, CMR claims the Magistrate Judge failed to consider (1) the parties' resources, (2) the importance of the discovery in resolving the issues in the case, and (3) CMR's nonparty status. This objection is without merit. While the Magistrate Judge may not have expressly analyzed each of these factors in the "proportionality" section under separate subheadings, she addressed these factors in other ways throughout the R&R. For example, the Magistrate Judge found that Plaintiffs agreed to pay the expense of responding to the subpoena. There was no need for the Magistrate Judge to further elaborate on the parties' resources factor because Plaintiffs' agreement to pay CMR's costs rendered this factor neutral. The Magistrate Judge's analysis of the relative access to the information also considered CMR's nonparty status. And the Magistrate Judge found that CMR should have to respond to the subpoena notwithstanding its nonparty status.

The same is true of the importance of the discovery factor. The Magistrate Judge spent considerable time addressing the importance of the discovery in connection with

both CMR's and the Government's relevance objections. Any failure of the Magistrate Judge to expressly discuss the importance of the requested communications in the proportionality section of the R&R was harmless. Furthermore, CMR fails to demonstrate that additional analysis of these factors would tip the proportionality scales in its favor. The Court finds no error in the Magistrate Judge's proportionality analysis and CMR's objections are overruled.

**B. CMR's Objection No. 2: Whether the Magistrate Judge erred in finding that Plaintiffs' requested discovery does not violate CMR's First Amendment rights.**

CMR claims the Magistrate Judge erred by not applying a two-step framework for analyzing whether Plaintiffs' discovery requests infringe CMR's First Amendment rights. According to CMR, the Magistrate Judge was required to consider whether CMR demonstrated an objectively reasonable probability that disclosure of the requested communications would chill its First Amendment rights, *i.e.* that disclosure of the materials would deter CMR's membership or participation in the political process due to fears of threats, harassment or reprisal from either government officials or private parties which may affect members' physical well-being, political activities, or economic interests. *See In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1158 (D. Kan. 2010). Then, assuming CMR could make this *prima facie* showing of a chilling effect on its First Amendment rights, the Magistrate Judge should have considered whether Plaintiffs could prove that the information sought is relevant to their case; that the information sought is needed to prove their claims; that the information is not available from an alternative source; and that the request is the least restrictive way to obtain the

information. *See Pulte Home Corp. v. Montgomery Cty. Maryland*, No. GJH-14-3955, 2017 WL 1104670, at *4 (D. Md. Mar. 24, 2017).

CMR's objection is without merit. The Magistrate Judge correctly found that CMR's communications with government officials about matters of a public concern were not afforded First Amendment protection from disclosure under the facts and circumstances presented here. Therefore, there was no need for the Magistrate Judge to continue with the two-step analytical framework.[6] Moreover, based on the record before the Court, CMR failed to prove that compliance with Plaintiffs' subpoena would in fact chill its First Amendment rights. As Plaintiffs point out, "CMR has neither offered evidence to suggest that producing CMR's communications advocating a ban on military service by transgender individuals would expose CMR to any more risk of harassment than already exists from the public disclosure of its positions, nor demonstrated an objectively reasonable fear of harassment." (ECF No. 45 at 24.) Thus even if the two-part framework applies, CMR would still be required to produce the requested documents because it has not met its *prima facie* burden.

As a final point, the Court will address CMR's arguments regarding the Magistrate Judge's alleged failure to consider *Tesla Motors, Inc. v. Johnson, et. al.*, 2017 WL 2875203 (W.D. Mich. May 22, 2017). In its objection, CMR represents to this Court that the court in *Tesla Motors* squashed a nonparty subpoena and "denied discovery of a non-party lobbyist's communications with legislators concerning pending litigation because 'disclosure would have an impermissible chilling effect' on the non-party's ability to

---

[6] The Court notes that the Sixth Circuit has not expressly adopted this two-step framework for balancing First Amendment protections with a party's need for discovery. *See Ohio A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 515 (6th Cir. 2019).

participate in the political process." (*See* ECF No. 39 at 26-27; ECF No. 48 at 5.) CMR contends the Magistrate Judge erred by failing to consider this authority and claims that *Tesla Motors* "protects non-parties like CMR in this situation." (ECF No. 48 at 5.) CMR did not include this authority in its briefing before the Magistrate Judge, but asserts that it raised the authority at the hearing, and therefore the Magistrate Judge should have discussed it in her R&R. It is not clear from the record whether CMR provided the Magistrate Judge with a physical copy of this authority.

In connection with its objection, CMR did not provide this Court with a copy of this unpublished authority or even the case number or ECF citation. Notwithstanding, the Court on its own initiative obtained a copy of *Tesla Motors, Inc. v. Johnson, et. al.*, 2017 WL 2875203 (W.D. Mich. May 22, 2017). The Court discovered that this is a citation to the nonparty's *motion* to quash—not an order and opinion granting a motion to quash as represented by CMR. Upon further independent research, the Court obtained the magistrate judge's order addressing the nonparty's motion to quash. *See Tesla Motors, Inc. v. Johnson, et. al.*, Case No. 16-cv-01158, ECF No. 200 (W.D. Michigan June 06, 2018). In contrast to CMR's representations to this Court, in *Tesla Motors*, the magistrate judge denied the motion to quash, found that the First Amendment considerations did not prevent disclosure, and required the nonparty lobbyist to produce responsive documents. *See id.* While the magistrate judge in *Tesla Motors* did find that First Amendment protections could apply to external communications between the lobbyist and certain legislators, the Court declines to adopt her reasoning here.[7]

---

[7] In stating that the First Amendment privilege could apply to communications between the nonparty lobbyist and certain state legislators, the magistrate judge appears to have copied the nonparty's authorities on the issue directly from the nonparty's motion to quash without further investigation or analysis, perhaps because

**C. CMR's Objection No. 3: Whether the Magistrate Judge failed to properly apply Fed. R. Civ. P. 45(d)(1) and (d)(3)(iv) to protect CMR from burdensome discovery.**

CMR claims the Magistrate Judge failed to properly apply Federal Rule of Civil Procedure 45(d)(1) and (d)(3)(iv). In this objection, CMR re-urges the relevance and proportionality objections previously rejected by the Court. In addition, CMR contends the Magistrate Judge did not go far enough in narrowing the scope of discovery. The Court disagrees. The Magistrate Judge carefully considered the relevance, burden, and proportionality of the discovery sought by Plaintiffs and the Court agrees with the Magistrate Judge's assessment. This is objection is overruled.

**D. The Government's Objections.**

The Government raises two objections to the R&R. In its first objection, the Government argues the Magistrate Judge erred by not holding Plaintiffs' motion in abeyance pending the Ninth Circuit's ruling on purportedly related discovery issues in the underlying case. This portion of the objection is overruled as moot. The Court took Plaintiffs' motion to compel under advisement pending the Ninth Circuit's ruling. Notwithstanding, the Court will consider the issues raised by the Ninth Circuit's opinion in *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) as they relate to the Government's remaining objections.

In its second objection, the Government generally complains that the Magistrate Judge should not have granted Plaintiffs' motion to compel and provides several reasons for its position. Many of the Government's arguments are duplicative of CMR's objections. For example, the Government raises the same or similar relevance objections

---

she went on to compel compliance with the subpoena. This Court does not agree that the cases cited by the magistrate judge in *Tesla Motors* support CMR's position here.

as CMR, which have already been discussed and addressed by the Court. The Government's relevance objections are likewise overruled.

In addition, in its second objection, the Government generally objects to the R&R and attempts to rehash the same arguments it raised in its initial briefing before the Magistrate Judge. In doing so, the government fails to identify any specific error in the Magistrate Judge's R&R. But in the Sixth Circuit, "[o]nly those objections that are specific are entitled to a *de novo* review under the statute." *Sumpter v. Atkins*, No. 12-13958, 2014 WL 1389088, at *1 (E.D. Mich. Apr. 9, 2014), *aff'd* (Apr. 2, 2015) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira,* 806 F.2d at 637. A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *Sumpter*, 2014 WL 1389088, at *1. Moreover, an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, the Government's objections fail because the Government does not identify the specific portions of the R&R to which it objects. *See Sumpter*, 2014 WL 1389088, at *1; *Smith v. Stellar Recovery, Inc.*, No. 2:15-CV-11717, 2017 WL 955128, at *3 (E.D. Mich. Mar. 13, 2017), *reconsideration denied*, No. 2:15-CV-11717, 2017 WL 1362794 (E.D. Mich. Mar. 29, 2017) (overruling objections where party failed to identify the specific legal or factual error in the report and recommendation that would mandate a different outcome on review). The Government's discussion of the arguments it initially raised in

opposition to Plaintiffs' motion to compel and its reference to the fact that the Magistrate Judge disagreed with or failed to adopt the Government's position does not satisfy the requirements of Rule 72.

Notwithstanding, and although there is no obligation to do so, the Court will address the merits of the some of the Government's nonduplicative objections below. Specifically, the Court will consider the impact of the Ninth Circuit's opinion in *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) on the Government's deliberative process privilege and executive privilege objections.

The first issue is whether the Ninth Circuit's discussion of the deliberative process privilege in *Karnoski* disturbs the Magistrate Judge's finding that the privilege does not apply to prevent CMR's production of documents here. In requesting that the Court hold Plaintiffs' motion in abeyance pending the Ninth Circuit's ruling, the Government claimed the Ninth Circuit's interpretation of the deliberative process privilege issues in the underlying case would likely weigh on this Court's application of the privilege. However, in its supplemental briefing before this Court, the Government does not argue that the Ninth Circuit's discussion of the deliberative process privilege impacts the Magistrate Judge's finding that the privilege does not apply under the facts and circumstances of this nonparty discovery dispute. The Court nevertheless reviewed the Ninth Circuit's opinion and agrees with Plaintiffs that the Magistrate Judge correctly concluded the deliberative process privilege does not apply here. The Court notes that the Magistrate Judge found that CMR conceded at the hearing that none of the documents in its possession were privileged, and no party has objected to that finding.[8] Furthermore, the Court agrees with

---

[8] In fact, in the opening line of its objection, CMR states that it "is a private 501(c)(3) organization with no official or unofficial role in developing or implementing the policy Plaintiffs challenge." (ECF No. 39 at 1.)

Plaintiffs that even if the deliberative process privilege applies, Plaintiffs are entitled to the discovery they seek from CMR.

The next issue is whether the Ninth Circuit's opinion in *Karnoski* affects the Magistrate Judge's finding that separation of powers principles and the Supreme Court's decision in *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004) do not restrict CMR's production of documents here. In the R&R, the Magistrate Judge rejected the Government's separation of powers concerns and reliance on *Cheney* to bar the discovery sought from CMR. The Magistrate Judge agreed with Plaintiffs that the Government was attempting to use the idea of executive privilege to conduct a "multi-district shell game" by arguing that Plaintiffs must obtain documents from other avenues in the main case, but then objecting to Plaintiffs' efforts to do just that here. The Magistrate judge also found no merit in the Government's reliance on *Cheney* because the purpose of the Supreme Court's application of executive privilege there was to protect the Executive (*i.e.*, the Vice-President) from the onerous burden of responding to discovery, and here, CMR is the party with burden of responding to the subpoena.

Pointing to the Ninth Circuit's discussion of *Cheney* in *Karnoski*, the Government contends the Magistrate Judge erred by not giving "full consideration to the Executive Article II prerogatives" by requiring Plaintiffs to "explore other avenues, short of forcing the Executive to invoke privilege." (ECF No. 57 at 3.) The Government also argues that the Magistrate Judge failed to apply the heighted showing of need for the requested discovery as discussed in *Cheney*. And the Government claims the Magistrate Judge incorrectly found that "Cheney was a narrow, fact bound decision," even though no such finding was included in the R&R.

The Government's objections are without merit for several reasons. First, as the Magistrate Judge found, the discovery requests are narrowly tailored and seek information which Plaintiffs contend to be critical to their claims. Second, Plaintiffs demonstrated that the information is not available from other sources, in part because the Government refuses to produce the same categories of documents, and therefore established that there is no other source for this information. Third, neither the Government nor CMR made any effort to show that the executive branch has an interest in secrecy or nondisclosure of the requested information that outweighs the needs of this case. Thus even if executive privilege applies to Plaintiffs' discovery requests to CMR, the Magistrate Judge sufficiently considered the relevancy of the requested information and the need for the discovery in light of the prerogatives of the Executive. And the Magistrate Judge sufficiently narrowed the scope of permissible discovery.

Finally, as the Magistrate Judge found, Plaintiffs' discovery requests to CMR place no burden on the Government and therefore *Cheney* does not apply. *Cheney* instructs district courts to limit the burden of the Executive in having to respond to onerous discovery directed to it and to protect the Executive from unnecessarily invoking executive privilege on a line by line basis. *See Cheney*, 542 U.S. at 388 ("In these circumstances, *Nixon* does not require the Executive Branch to bear the onus of critiquing the unacceptable discovery requests line by line."). And the Ninth Circuit echoed *Cheney's* holding in instructing the district court in the underlying case here to consider whether there were alternative avenues of discovery available before requiring the Trump administration to invoke executive privilege for each and every category of documents requested. *See Karnoski*, 926 F.3d at 1205. Consistent with the Ninth Circuit's opinion,

the Magistrate Judge found that Plaintiffs are satisfying the requirements of *Cheney* by pursuing "other avenues" of discovery "short of forcing the Executive to invoke privilege." *See id.* (quoting *Cheney*, 542 U.S. at 390). The Government's objections are overruled.

### III.    Conclusion

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** CMR's objections, **OVERRULES** the Government's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to compel (ECF No. 1), and **GRANTS IN PART AND DENIES IN PART** CMR's motion for protective order (ECF No. 10).

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated:  September 28, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager